IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| CHRISTOPHER DAVID HARMAN,<br><br>*Plaintiff*,<br><br>v.<br><br>TAURUS INTERNATIONAL MANUFACTURING, INC., and TAURUS HOLDINGS, INC.,<br><br>*Defendants*. | RECEIVED<br><br>2021 FEB -2 P 1:38<br><br>DEBRA P. HACKETT, CLK<br>U.S. DISTRICT COURT<br>MIDDLE DISTRICT ALA<br><br>Case No. 3:21-cv-98<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Comes Now, Plaintiff Christopher David Harman ("Chris Harman"), and brings this complaint against Defendants Taurus International Manufacturing, Inc. and Taurus Holdings, Inc. (collectively, "Taurus" or the "Taurus Defendants"), and for his cause of action states the following:

## INTRODUCTION

1. Plaintiff was seriously injured when the Taurus PT 738 TCP pistol he was shooting blew apart causing several metal pieces to strike him in the face and eyes.

2. The subject pistol is a .380 caliber Taurus 738 TCP Serial No. 67206B which was designed, manufactured, assembled, and marketed by the Taurus Defendants in Florida.[1]

3. In filing this lawsuit, Mr. Harman does not wish to disparage the Second Amendment's right to bear arms. Rather, he seeks to hold the Taurus Defendants accountable for

---

[1] For the sake of clarity, Taurus has regularly described the subject firearm as a "738 TCP .380acp" pistol. However, "PT 738" is also engraved into the slide of the subject pistol. For purposes of this Complaint the subject pistol will be referred to as "Taurus PT 738."

the defective design and manufacturing of the subject pistol. Instead of impinging upon the Second Amendment, Mr. Harman brings this lawsuit as an individual who has lawfully exercised his Second Amendment right to bear arms.

4.  The Subject Pistol is defective and unreasonably dangerous because it has a design and manufacturing Defect which renders the pistol subject to a dangerous weakening and/or fracturing of the pistol's components.

5.  This action alleges negligence, wantonness, and strict liability claims and damages in connection with the Defects in the Subject Pistol.

6.  The Defect is a latent defect and the Subject Pistol is defective in a way that would not be apparent to the Plaintiff or the public and would not meet a reasonable consumer's expectations. Further, the cause of the Defect originates from the common design and manufacture of the Subject Pistol models and Plaintiff would not and could not know of the Defect by the exercise of reasonable diligence.

## JURISDICTION AND VENUE

7.  This Court has subject matter jurisdiction over this action in accordance with 28 U.S.C. § 1332 which grants federal subject matter jurisdiction where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. The named Plaintiff is a citizen of Alabama and none of the Taurus Defendants are citizens of Alabama. Defendants Taurus International Manufacturing, Inc. ("Taurus Manufacturing") and Taurus Holdings, Inc. ("Taurus Holdings") were citizens of Florida at the time of all events related to the allegations in his Complaint and at no time have Defendants been citizens of Alabama.

8. This Court has personal jurisdiction over Defendants Taurus Manufacturing and Taurus Holdings because these Defendants were engaged directly and through their agents in systematic and ongoing business transactions in the State of Alabama and within this District, including, but not limited to, the import, marketing, supply, distribution, and sale of the Subject Pistol as well as other conduct in Alabama as described herein. These acts and activities establish sufficient contacts and ties with the State of Alabama such that it is reasonable to enforce the obligations and liabilities which Taurus has incurred here. *See Int'l Shoe Co. v. Washington, et al.*, 326 U.S. 310 (1945); *see also DocRX, Inc. v. DOX Consulting, LLC*, 738 F.Supp 1234 (2010) (as Alabama's long arm statute asserts "personal jurisdiction to the limits of federal due process," the application of the federal *International Shoe* two-part analysis will suffice to establish the federal court's personal jurisdiction).

9. Plaintiff respectfully reserves his right to discovery as pertains to any challenge to personal jurisdiction in this action.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) given that the subject incident occurred in Opelika, Alabama. Accordingly, a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district. Moreover, Defendants regularly and systematically conducted business in Alabama and in this judicial district, including but not limited to, the marketing, sale, and distribution of thousands of subject model pistols and other firearms throughout the United States and the State of Alabama under the "Taurus" brand name.

11. Upon information and belief, all the challenged conduct surrounding Defendants' defective pistol occurred or emanated from Florida where the subject pistol was initially designed, manufactured, marketed, and/or distributed. All the facts and conduct related to the

negligence, wantonness, and strict liability claims had their origins in the State of Florida, in Miami-Dade County.

12. A central liability issue in this case arises from Defendants' failure to test and inspect Plaintiff's pistol in order to determine its defective nature prior to selling it and thereafter placing a defective firearm into the stream of commerce—all of which initially took place at Defendants' place of operations in Miami-Dade County, Florida.

13. Miami-Dade County, Florida, was the home forum of Defendants at the time the subject pistol was designed, manufactured, marketed, distributed, and placed into the stream of commerce. Defendants' bona fide connections to Florida at the time the subject pistol was placed into the stream of commerce include the following:

- a. All of Defendants' distribution, sales, marketing, and advertising was controlled and carried out from their headquarters in Miami-Dade County, Florida;

- b. All of Defendants' pistols, including the one responsible for Plaintiff's injury, were placed into the stream of commerce from their headquarters in Miami-Dade, County;

- c. The Taurus Defendants' sales meetings were held in Miami-Dade County, Florida;

- d. And all relevant decisions regarding how the subject pistol would be designed, manufactured, marketed, distributed, and/or sold were made in Miami-Dade County, Florida at the time the subject pistol was placed into the stream of commerce.

14. As demonstrated herein, all Defendants' conduct giving rise to Plaintiff's injuries occurred in Florida. Therefore, Florida law should apply to the claims alleged in this lawsuit.

## PARTIES

15. Plaintiff Chris Harman is over the age of 19 and is a citizen of Alabama.

16. Defendants were operating and conducting business in Florida at all times relevant to the allegations in this Complaint. Defendants' principal place of business at all times relevant to the allegations in this Complaint was Miami, Florida. Taurus Holdings was the one hundred percent stockholder of Taurus Manufacturing and Defendants designed, manufactured, tested, and distributed the Subject Pistol from their facilities in Florida. Taurus Defendants are so intertwined contractually for each other's liabilities that they are essentially one entity with regard to the allegations in this Complaint.

## FACTUAL ALLEGATIONS

17. Defendants' negligent design and manufacturing processes rendered the Subject Pistol defective and unreasonably dangerous by creating conditions in which the slide of the Pistol will break in half at the ejection port when the Pistol is fired. When the slide of the Pistol breaks apart while being fired, the pieces of the slide become dangerous projectiles which are capable of striking the shooter or bystanders at incredible rates of speed causing catastrophic injury or even death.

18. The "Defect" referenced herein relates to the propensity of the subject pistol model's slide to fracture at the ejection port as evidenced by the images below:






The Taurus Defendants Prior Knowledge of the Defect:

19.  On March 27, 2012, Brian Aunkst of Colorado was firing his Taurus PT 738 at his local firing range. During firing, the weapon's slide broke into at least two pieces, fracturing at the slimmest portion of the slide, adjacent to the ejection port. The rear portion of the slide flew to the rear and struck Mr. Aunkst in the mouth/upper lip with significant force. Mr. Aunkst

6

suffered a lacerated upper lip, broken teeth, and a crushing injury to the bone in his upper jaw, requiring extensive reconstructive surgeries and months of recovery and therapy.

20. As early as April of 2014, Defendants were put on notice of the incident involving Mr. Aunkst and were made aware of the Defect inherit in the Taurus PT 738 pistols. Defendants did not fully investigate the Defect and failed to recall the PT 738 model pistols or take any steps to put lawful gun owners or the public on notice of the defect.

21. As described, the Defect has manifested itself previously, sometimes causing serious bodily injury. Defendants are and were aware of those manifestations (and upon information and belief, discovery will show that Defendants are and were aware of many more), but have refused to remedy the Defect or issue a recall.

22. Despite all the information Taurus has in connection with the defective design and manufacturer of the Subject Pistol, Taurus has not undertaken any effort to warn the public about the Defect, or to issue any recalls.

23. If Taurus had warned the public and unsuspecting Taurus users like Mr. Harman about the Defect and imminent risk of harm, then the catastrophic injuries that Mr. Harman suffered could have been easily avoided.

The November 27, 2020 Subject Incident:

24. Chris Harman was catastrophically injured by the Subject Pistol (owned by his wife, Rita Harman). The Subject Pistol contains the defect outlined above.

25. On November 27, 2020, Mr. Harman was firing the PT 738 pistol at his local firing range when the pistol's slide failed and fractured into pieces. The fracture launched fragments of the slide at a perilous velocity towards Mr. Harman's face. One piece of the slide, which was now a dangerous projectile, struck Mr. Harman in the face and left eye. Fortunately,

he was wearing protective safety glasses. Nevertheless, the slide projectile struck him with such force that it ruptured his left eye, which caused the actual eyeball to burst, the retina to detach, and resulted in catastrophic internal damage to the eye.

   

Mr. Harman suffered facial bone fractures and required a cornea transplant, and it is unclear if his doctors will be able to save his eye or whether he will ever see out of it again.

26. In filing this action, Plaintiff, Chris Harman, and his spouse, Rita Harman, acknowledge Mrs. Harman's right to bring a claim related to her loss of consortium stemming from the subject incident. Nevertheless, Mrs. Harman has not made a claim for loss of consortium herein and will not do so in the future.

## CAUSES OF ACTION AND CLAIMS FOR RELIEF

### Count One
### Negligence

27. Plaintiff incorporates by reference paragraphs 1 through 26 as though expressly stated herein in this paragraph.

28. At all times relevant to this action, Defendants had the duty to exercise that degree of care that a reasonably prudent firearm manufacturer and distributor should use in the design, testing, selection, manufacture, assembly, marketing, supply, distribution, and sale of the Subject Pistol.

29. Notwithstanding this duty, and in violation and breach thereof, Defendants negligently, carelessly, or wrongfully designed, tested, selected, manufactured, assembled, marketed, supplied, distributed, and/or sold the Subject Pistol with the Defect.

30. As a direct and proximate result of this negligent, careless, or wrongful breach of duty, Plaintiff suffered catastrophic injuries and damages. Defendants' negligence was the proximate and sole cause of Plaintiff's injuries and damages.

31. Defendants are liable for all injuries, damages, and losses that resulted from their negligence.

WHEREFORE, Plaintiff demands judgment against Defendants for all damages, costs, and interest as may be allowed by law and demands trial by jury of all issues so triable.

### Count Two
### Wantonness

32. Plaintiff incorporates by reference paragraphs 1 through 31 as though expressly stated herein in this paragraph.

33. At all times relevant to this action, Defendants had the duty to exercise that degree of care that a reasonably prudent firearm manufacturer and/or distributor should use in the design, testing, selection, manufacture, assembly, marketing, supply, distribution, and sale of the Subject Pistol.

34. Notwithstanding this duty, and in violation and breach thereof, Defendants wantonly, recklessly, or wrongfully designed, tested, selected, manufactured, assembled, marketed, supplied, distributed, and sold the Subject Pistol with the Defect with a reckless or conscious disregard for the rights and safety of others.

35. As a direct and proximate result of this wanton, reckless, or wrongful breach of duty, Plaintiff suffered catastrophic injuries and damages. Defendants' wantonness was the proximate and sole cause of Plaintiff's injuries and damages.

36. Defendants are liable for all injuries, damages, and losses that resulted from their wantonness.

WHEREFORE, Plaintiff demands judgment against Defendants for all damages, costs, and interest as may be allowed by law and demands trial by jury of all issues so triable.

## Count Three
### Strict Liability In Tort – Restatement (Second) Of Torts § 402A

37. Plaintiff incorporates by reference paragraphs 1 through 36 as though expressly stated herein in this paragraph.

38. Defendants designed and manufactured the Subject Pistol with the Defect, rendering the Subject Pistol inherently dangerous and creating a substantial, clear, extreme, and unreasonable risk of serious injury or death to Plaintiff. Defendants manufactured, assembled, marketed, distributed, and sold the Subject Pistol with the Defect. The Subject Pistol was in the same defective condition due to the Defect from the time it left Defendants' control until they reached the Plaintiff. Further, the Plaintiff used the Subject Pistol in the manner intended by Defendants.

39. The Subject Pistol was sold in a substantial and unreasonably dangerous condition to an extent beyond that which would be contemplated by the ordinary consumer, including the Plaintiff.

40. As a direct and proximate result of the facts alleged above, Plaintiff was exposed to a clear, substantial, and unreasonable risk of serious injury or death from the Defect contained

in the Subject Pistol and Plaintiff did indeed suffer serious and catastrophic injuries and damages.

41. Defendants are strictly liable in tort for all injuries, damages, and losses that resulted from the incident made the basis of this lawsuit.

WHEREFORE, Plaintiff demands judgement against Defendants for all damages, costs, and interest as may be allowed by law and demands trial by jury of all issues so triable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims so triable.

Respectfully submitted, this 1st day of February 2021.

/s/ Matthew G. Garmon
M. Todd Wheeles (ASB-5177-I65W)
Matthew G. Garmon (ASB-8225-X37K)
MORRIS HAYNES
3500 Colonnade Parkway, Suite 100
Birmingham, Alabama 35243
T: (205) 324-4008
F: (205) 324-0803
E: twheeles@mhhlaw.net
  mgarmon@mhhlaw.net

David L. Selby, II (ASB-6994-Y62D)
Matthew J. Ford (ASB-6725-W58F)
BAILEY & GLASSER, LLP
3000 Riverchase Galleria, Suite 905
Birmingham, Alabama 35244
T: (205) 988-9253
E: dselby@baileyglasser.com
  mford@baileyglasser.com

*Counsel for Plaintiffs*

11