## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **CHRISTOPHER DAVID HARMAN,** | |
| *Plaintiff*, | |
| **v.** | **Case No. 3:21-cv-98** |
| **TAURUS INTERNATIONAL MANUFACTURING, INC., and TAURUS HOLDINGS, INC.,** | |
| *Defendants*. | **JURY TRIAL DEMANDED** |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

Comes Now,  Plaintiff Christopher David Harman ("Chris Harman"), and brings this Amended Complaint against Defendants Taurus International Manufacturing, Inc. and Taurus Holdings, Inc. (collectively, "Taurus" or the "Taurus Defendants"), and for his cause of action states the following:

### INTRODUCTION

1.      Plaintiff was  seriously injured when the  Taurus PT 738 TCP pistol he was shooting blew apart causing several metal pieces to strike him in the face and eyes.

2.      The subject pistol is a .380 caliber Taurus 738 TCP Serial No. 67206B which was designed, manufactured, assembled, and marketed by the Taurus Defendants in Florida.[1]

3.      In  filing  this  lawsuit, Mr. Harman  does  not  wish  to  disparage  the  Second Amendment's right to bear arms. Rather, he seeks to hold the Taurus Defendants accountable for the defective design and manufacturing of the subject pistol. Instead of impinging upon the Second

---

[1] For the sake of clarity, Taurus has regularly described the subject firearm as a "738 TCP .380acp" pistol. However, "PT 738" is also engraved into the slide of the subject pistol. For purposes of this Complaint the subject pistol will be referred to as "Taurus PT 738."

Amendment, Mr. Harman brings this lawsuit as an individual who has lawfully exercised his Second Amendment right to bear arms.

4.      The Taurus Defendants' conduct encompasses the design, testing, manufacture, assembly, marketing, supply, warranty, misrepresentation, concealment, distribution, and/or sale of the Subject Pistol.

5.      The Subject Pistol is defective and unreasonably dangerous because its design and manufacture suffers from a Defect which renders the pistol subject to a dangerous weakening and/or fracturing of the pistol's components.   Specifically, the Defect causes the slide of the Subject Pistol to break in half at the ejection port when the Pistol is fired. When the slide of any Pistol breaks apart while being fired, the pieces of the slide become dangerous projectiles which are capable of striking the shooter or bystanders at incredible rates of speed and causing catastrophic injury or even death.

6.      Despite actual knowledge of the Defect, Taurus has never remedied the Defect, has never issued an effective and complete warning to the public, and has never recalled the Subject Pistol model. In fact, Taurus is aware that individuals have been seriously injured as result of the Defect, and it is only a matter of time before more individuals are seriously injured or killed.

7.      At all times relevant to this action, the Taurus Defendants had a duty to disclose and warn the Plaintiff truthfully and accurately, and not to conceal or misrepresent such truth, about the Defect. Notwithstanding their duty, and in violation thereof, Taurus Defendants carelessly and negligently failed to disclose to and warn the Plaintiff, and concealed and misrepresented the truth, about the Subject Pistol's Defect.

8.      At all relevant times to this action, the Taurus Defendants fraudulently concealed and intentionally failed to warn the Plaintiff of the Defect with the intent to deceive the Plaintiff

and the general public without knowledge of the Defect. The Taurus Defendants falsely and fraudulently represented to the Plaintiff that the subject model pistol was safe for normal and intended use, when it was, in fact, not safe for normal and intended use.

9.     This action alleges, among other things, an Alabama Extended Manufacturer's Liability Doctrine ("AEMLD") claim, negligence, strict liability, breach of implied warranties, fraudulent inducement, suppression, negligent failure to disclose, failure to warn, concealment, misrepresentation, and damages  in connection with the Defects in the Subject Pistol.

10.     At all times relevant to this action, Defendants conspired among themselves and with others to conceal from the public and the Plaintiff the Defect contained in the Subject Pistol. Defendants engaged in concerted efforts to understate or misrepresent the nature of the risk created by the Defect.

11.     The Defect is a latent defect and the Subject Pistol is defective in a way that would not be apparent to the Plaintiff or the public and would not meet a reasonable consumer's expectations. Further, the cause of the Defect originates from the common design and manufacture of the Subject Pistol models and Plaintiff would not and could not know of the Defect by the exercise of reasonable diligence.

## JURISDICTION AND VENUE

12.     Diversity of citizenship exists in this case for purposes of subject matter jurisdiction. The named Plaintiff is a citizen of Alabama and none of the Taurus Defendants are citizens of Alabama. Defendants Taurus International Manufacturing, Inc. ("Taurus Manufacturing") and Taurus Holdings, Inc. ("Taurus Holdings") were citizens of Florida at the time of all events related to the allegations in his Complaint, and they are currently citizens of

Georgia. The amount in controversy, without interest and costs, exceeds the sum of value specified by 28 U.S.C. § 1332.

13.     This Court has personal jurisdiction over Defendants Taurus Manufacturing and Taurus Holdings because these Defendants were engaged directly and through their agents in systematic and ongoing business transactions in the State of Alabama and within this District, including, but not limited to, the design, testing, manufacture, import, assembly, marketing, supply, warranty, distribution, misrepresentation, and sale of the Subject Pistol as well as other conduct in Alabama as described herein.

14.     Plaintiff respectfully reserves his right to discovery as pertains to any challenge to personal jurisdiction in this action.

15.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) given that the subject incident occurred in Opelika, Alabama. Accordingly, a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district. Moreover, the Taurus Defendants regularly and systematically conducted business in Alabama and in this judicial district, including but not limited to, the marketing, sale, and distribution of thousands of subject model pistols and other firearms throughout the United States and the State of Alabama under the "Taurus" brand name.

## PARTIES

16.     Plaintiff Chris Harman  is over the age of 19 and is a citizen of Alabama.

17.     Defendants were operating and conducting business in Florida at all times relevant to the allegations in this Complaint. The Taurus Defendants'  principal place of business at all times relevant to the allegations in this Complaint was Miami, Florida, and it is currently in Georgia.

4

18.     Taurus Holdings  is the one hundred percent stockholder of Taurus Manufacturing.

19.     Taurus Holdings and Taurus Manufacturing are in the business of designing, manufacturing, testing, selling, and distributing the Taurus PT 738 pistols, including the Subject Pistol, in Florida, Alabama, and throughout the United States.

20.     Taurus Manufacturing acted as an agent for Taurus Holdings, and Taurus Holdings directed and controlled the actions of Taurus Manufacturing, rendering both entities liable for the conduct at issue.  According to the website of Defendants, "Taurus Holdings manufactures various models of Taurus Firearms" and "Taurus Holdings companies manufacture an incredible array of products from traditional single action revolvlers, to pistols and revolvers of various designs." Further, "TIMI manufactures some models of Taurus brand firearms in the US" and "TIMI handles servicing for all Taurus branded firearms in the US either imported or manufactured by TIMI."[2]

21.     Additionally, the Taurus Defendants ignored corporate formalities and are intertwined contractually for each other's liabilities that they are essentially one entity with regard to the allegations in this Complaint. Therefore, the corporate veil between the two entities must be pierced.

## FACTUAL ALLEGATIONS

22.     Taurus Manufacturing's negligent design and manufacturing processes—which were guided and controlled by Taurus Holdings—rendered the  Subject Pistol defective and unreasonably dangerous by creating conditions in which the slide of the Pistol will break in half at the ejection port when the Pistol is fired. When the slide of the Pistol broke apart  while  being fired, the pieces of the slide become dangerous projectiles which are capable of striking the shooter or bystanders  at incredible rates of speed and causing catastrophic injury or even death.

---

[2] See https://www.taurususa.com/company/about-taurus-holdings-inc (accessed April 20, 2021).

<u>Taurus Defendants Prior Knowledge of the Defect:</u>

23.     On March 27, 2012, Brian Aunkst of Colorado was firing his Taurus PT 738 at his local firing range. During firing, the weapon's stainless-steel slide broke into at least two pieces, fracturing at the slimmest portion of the slide, adjacent to the ejection port. The rear portion of the slide flew to the rear and struck Mr. Aunkst in the mouth/upper lip with significant force. Mr. Aunkst suffered a lacerated upper lip, broken teeth, and a crushing injury to the bone in his upper jaw, requiring extensive reconstructive surgeries and months of recovery and therapy.

24.     As early as April of 2014, the Taurus Defendants were put on notice of the incident involving Mr. Aunkst and were made aware of the Defect inherit in the Taurus PT 738  model pistols at issue. At that time, Defendants were provided photos of Mr. Aunkst's PT 738 broken slide and given the opportunity to inspect and investigate what was causing these slides to break apart. As shown in these photos of the Aunkst PT 738 and the Harman PT 738, the Defect manifested in the exact same way:



*Aunkst Pistol*          *Harman Pistol*

25.     The Taurus Defendants did not fully investigate the Defect and failed to recall the PT 738  model pistols or take any steps to put lawful gun owners on notice of the defect.

26.     As described, the Defect has manifested itself previously, sometimes causing serious bodily injury.   Defendants are and were aware of those manifestations (and upon information and belief, discovery will show that Defendants are and were aware of many more), but they have refused to remedy the Defect or issue a recall.

27.     Despite all the information the Taurus Defendants have in connection with the defective design and manufacturer of the Subject Pistol, Taurus has not undertaken any effort to warn  the public  about the Defect, or to issue any recalls.

28.     If the Taurus Defendants had warned the public and unsuspecting Taurus users like Mr. Harman about the Defect and imminent risk of harm, then the catastrophic injuries that Mr. Harman suffered could have been easily avoided.

The November 27, 2020 Subject Incident:

29.     Chris Harman was catastrophically injured by the Subject Pistol (owned by his wife, Rita Harman). The Subject Pistol contains the defect outlined above.

30.     On or about December 13, 2011, Plaintiff purchased the subject Taurus PT 738 from Academy Sports in Opelika, Alabama and gave his wife the Pistol as a Christmas gift that year.

31.     On November 27, 2020, Chris was firing the PT 738 pistol at his local firing range when the pistol's slide failed and fractured into pieces.  The fracture launched fragments of the slide at a perilous velocity towards Mr. Harman's face. One piece of the slide, which was now a dangerous projectile, struck Chris in the face and left eye. Fortunately, he was wearing protective safety glasses. Nevertheless, the slide projectile struck him with such force that it ruptured his left eye, which caused the actual eyeball to burst, the retina to detach, and resulted in catastrophic internal damage to the eye.

   

Chris suffered facial bone fractures and required a cornea transplant. To date, it is still unclear if Mr. Harman's doctors will be able to save his eye or whether he will ever see out of it again.

32.     In filing this action, Plaintiff, Chris Harman, and his spouse, Rita Harman, acknowledge Mrs. Harman's right to bring a claim related to her loss of consortium stemming from the subject incident. Nevertheless, Mrs. Harman has not made a claim for loss of consortium herein and will not do so in the future.

### CAUSES OF ACTION AND CLAIMS FOR RELIEF

### Count One
### Negligence or Wantonness

33.     Plaintiff incorporates by reference paragraphs 1 through 32 as though expressly stated herein in this paragraph.

34.     At all times relevant to this action, the Taurus Defendants had the duty to exercise that degree of care that a reasonably prudent firearm manufacturer and/or distributor should use in the design, testing, selection, manufacture, assembly, marketing, supply, distribution and sale of the Subject Pistol.

35.     Notwithstanding this duty, and in violation and breach thereof, the Taurus Defendants negligently, carelessly, or wantonly designed, tested, selected, manufactured, assembled, marketed, supplied, distributed, and sold the Subject Pistol with the Defect.

36.     As a direct and proximate result of this negligent or wanton breach of duty, Plaintiff suffered catastrophic injuries and damages when the slide of his pistol broke and struck his eye. The Taurus Defendants' negligence or wantonness was the proximate and sole cause of Plaintiff's injuries and damages.

37.     The Taurus Defendants are liable for all injuries, damages, and losses that resulted from their negligence or wantonness.

WHEREFORE, Plaintiff demands judgement against Defendants for all damages, costs, and interest as may be allowed by law and demands trial by jury of all issues so triable.

## Count Two
## Strict Liability In Tort – Restatement (Second) Of Torts § 402A

38.     Plaintiff incorporates by reference paragraphs 1 through 32 as though expressly stated herein in this paragraph.

39.     The Taurus Defendants designed and manufactured the Subject Pistol with the Defect, rendering the Subject Pistol inherently dangerous and creating a substantial, clear, extreme and unreasonable risk of serious injury or death to Plaintiff. The Taurus Defendants manufactured, assembled, marketed, distributed, and sold the Subject Pistol with the Defect. The Subject Pistol was in the same defective condition due to the Defect from the time it left the Taurus Defendants' control until they reached the Plaintiff. Further, the Plaintiff used the Subject Pistol in the manner intended by the Taurus Defendants.

40.     The Subject Pistol was sold in a substantial and unreasonably dangerous condition to an extent beyond that which would be contemplated by the ordinary consumer, including the Plaintiff.

41.     As a direct and proximate result of the facts alleged above, Plaintiff was exposed to a clear, substantial, and unreasonable risk of serious injury or death from the Defect contained in the Subject Pistol and Plaintiff did indeed suffer serious and catastrophic injuries and damages.

42.     The Taurus Defendants are strictly liable in tort for all injuries, damages, and losses that resulted from the incident made the basis of this lawsuit.

WHEREFORE, Plaintiff demands judgement against Defendants for all damages, costs, and interest as may be allowed by law and demands trial by jury of all issues so triable.

**Count Three**
**Breach Of Implied Warranty Of Merchantability**

43.     Plaintiff incorporates by reference paragraphs 1 through 32 as though expressly stated herein in this paragraph.

44.     At all times mentioned herein, the Taurus Defendants designed, manufactured, marketed, distributed, and sold the Subject Pistol with the Defect, and prior to Plaintiff's use of the Subject Pistol, the Taurus Defendants impliedly warranted to Plaintiff that the Subject Pistol was of quality and fit for the use for which it was intended, that the Subject Pistol was merchantable, would operate effectively, was safe for normal use, suitable for the ordinary and usual purposes for which it was intended, and would not create an unreasonable risk of injury to consumers.

45.     Plaintiff, in using the Subject Pistol, relied upon the skill and judgment of the Taurus Defendants.

46.     The Subject Pistol is unfit for its intended use and is not of merchantable quality, as warranted by the Taurus Defendants, in that it has the propensity to fail to perform and protect, including but not limited to, the slide breaking apart when fired.

47.     The Taurus Defendants designed and manufactured the Subject Pistol with the Defect. The Taurus Defendants designed, manufactured, marketed, distributed, and placed the Subject Pistol into the stream of commerce knowing and expecting that the Subject Pistol would be used by consumers and around the general public and by distributing the Subject Pistol, Taurus impliedly represented to Plaintiff that the Subject Pistol was merchantable, would operate effectively, was safe for normal use, was suitable for the ordinary and usual purposes for which it was intended, and would not create an unreasonable risk of injury to the Plaintiff.

48.     The Taurus Defendants were on notice of the breach of implied warranties at the time the Subject Pistol was manufactured and distributed by Taurus. The Taurus Defendants knew or should have known about the Defect.

49.     The Taurus Defendants failed to provide an adequate remedy and caused their implied warranties to fail of their essential purpose, thereby permitting remedy under the implied warranties to Plaintiff and others similarly situated.

50.     As a direct and proximate result of the breach of said warranties, Plaintiff has suffered and will continue to suffer injuries and a loss as alleged herein in an amount to be determined at trial.

WHEREFORE, Plaintiff demands judgement against Defendants for all damages, costs, and interest as may be allowed by law and demands trial by jury of all issues so triable.

## Count Four
## Negligent Failure To Disclose, Failure To Warn, Concealment And Misrepresentation

51.     Plaintiff incorporates by reference paragraphs 1 through 32 as though expressly stated herein in this paragraph.

52.     The Subject Pistol is an inherently dangerous product and the Taurus Defendants at all times relevant had a duty to disclose to and warn Plaintiff truthfully and accurately, and not

to conceal or misrepresent such truth, about the Defect, and a duty to provide a fair and adequate warning of the dangerous potentiality of the slide to break apart due to the Defect.

53.     By the Taurus Defendants designing, manufacturing, failing to test, marketing, distributing, and placing an inherently dangerous commodity such as the Subject Pistol in the channels of trade, then by the very nature of their commercial activity, the Taurus Defendants have a duty to provide a fair and adequate warning of the dangerous potentiality of the Subject Pistol due to the Defect.

54.     The Taurus Defendants could foresee that the Subject Pistol, due to the latent Defects, posed a clear, substantial and unreasonable risk of personal injury and death. The proper measure of duty for the Taurus Defendants in designing, manufacturing, testing, selling, marketing, and distributing an inherently dangerous commodity such as the Subject Pistol is the reasonable foreseeability that serious injury or death might result from the use of the commodity.

55.     Notwithstanding this duty, and in violation thereof, the Taurus Defendants carelessly and negligently failed to disclose to and warn Plaintiff, and concealed and misrepresented the truth, about the latent Defect which posed a clear, substantial, and unreasonable risk of personal injury and death. Specifically, they conceal

56.     Because Plaintiff did not have an equal opportunity to discover such truth about the Taurus Defendants' defectively designed pistol, Plaintiff used the Subject Pistol in the reasonable, but, unbeknownst to him, false belief it was fit for use, merchantable, and reasonably safe for its intended purposes.

57.     Because the Subject Pistol was not in fact fit for use, merchantable, and reasonably safe for its intended purposes, and because of the Taurus Defendants' negligent failure to disclose and warn and their concealment and misrepresentation of such facts, as a direct and proximate

result Plaintiff has been exposed to a clear, substantial, and unreasonable risk of serious injury and death.

WHEREFORE, Plaintiff demands judgement against Defendants for all damages, costs, and interest as may be allowed by law and demands trial by jury of all issues so triable.

## Count Five
## Fraudulent Concealment And Failure To Warn

58.     Plaintiff incorporates by reference paragraphs 1 through 32 as though expressly stated herein in this paragraph.

59.     The Taurus Defendants fraudulently concealed and intentionally failed to warn Plaintiff of the Defect with the intent to deceive Plaintiff into ownership and/or use of the Subject Pistol without knowledge of the Defects which pose a clear, substantial and unreasonable risk of personal injury and death.

60.     The Taurus Defendants falsely and fraudulently represented to Plaintiff that the Subject Pistol was safe for normal use.

61.     Plaintiff reasonably and justifiably relied on the Taurus Defendants' false and fraudulent representations, and on the Taurus Defendants' deliberate silence, concerning the highly significant and material fact that the Subject Pistol was not safe for normal use, as a result of which, to his detriment, he elected to use the Subject Pistol without knowledge of such fact. There was no reasonable means for Plaintiff to make himself aware of such fact, since the Taurus Defendants have retained tight control of the relevant information concerning the Defect.

62.     As a direct and proximate result of the Taurus Defendants' fraudulent conduct, of both commission and omission, Plaintiff was exposed to a clear, substantial and unreasonable risk of personal injury and death during his lawful possession and normal use of the Subject Pistol.

WHEREFORE, Plaintiff demands judgment against Defendants for all damages, costs, and interest as may be allowed by law and demands trial by jury of all issues so triable.

## Count Six
## Alabama Extended Manufacturers' Liability Doctrine

63.     Plaintiff incorporates by reference paragraphs 1 though 32 above as if fully set forth herein.

64.     At the time of the incident made the basis of this lawsuit and for a substantial period of time prior thereto, Defendants were engaged in the business of designing, manufacturing, and/or having manufactured, selling, deliver, and/or distributing the subject firearm throughout the United States, including the State of Alabama, for use by certain members of the general public. During said time and for valuable consideration, Defendants designed, manufactured, or had manufactured to their specifications, and then sold, delivered, and/or distributed the subject firearm which catastrophically injured the Plaintiff.

65.     The subject firearm was in substantially the same condition as when it was manufactured, sold, and/or distributed by Defendants and was being used in a manner that was foreseeable and for its intended use. The firearm was not reasonably safe when being used in a foreseeable manner but to the contrary, it was defective and unreasonably dangerous to consumers when being so used. Defendants knew or in the exercise of reasonable care should have known that said firearm was unreasonably dangerous to consumers when being so used in a foreseeable manner. The firearm made the basis of this lawsuit was defective due to the ability of its slide to fracture in half while being fired, which turns the fractured pieces of the slide into dangerous projectiles that will strike and injure the lawful gun owner.

66.     The foregoing wrongful conduct of Defendants was a proximate cause of Plaintiff's injuries and renders Defendants liable to the Plaintiff pursuant to the Alabama Extended Manufacturer's Liability Doctrine.

67.     Plaintiff's injuries would have been eliminated or in some way reduced by an alternative design, and the utility of the alternative design outweighed the utility of the design the Taurus Defendants actually used.

WHEREFORE, Plaintiff demands judgement against Defendants for all damages, costs, and interest as may be allowed by law and demands trial by jury of all issues so triable.

## **<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff hereby demands a trial by jury on all claims so triable.

Respectfully submitted, this 20th day of April 2021.

/s/ David L. Selby, II
David L. Selby, II (ASB-6994-Y62D)
Matthew J. Ford (ASB-6725-W58F)
BAILEY & GLASSER, LLP
3000 Riverchase Galleria, Suite 905
Birmingham, Alabama 35244
T: (205) 988-9253
E: dselby@baileyglasser.com
    mford@baileyglasser.com


M. Todd Wheeles (ASB-5177-I65W)
Matthew G. Garmon (ASB-8225-X37K)
MORRIS HAYNES
3500 Colonnade Parkway, Suite 100
Birmingham, Alabama  35243
T: (205) 324-4008
E: twheeles@mhhlaw.net
    mgarmon@mhhlaw.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing is being served on the counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF this 20th day of April 2021.

/s/ David L. Selby, II _____
David L. Selby, II