IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER DAVID HARMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. ACT. NO. 3:21-cv-98-ECM |
| | ) | (WO) |
| TAURUS INTERNATIONAL | ) | |
| MANUFACTURING, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| RITA HARMAN, Individually, | ) | |
| and on Behalf of all Others Similarly | ) | |
| Situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. ACT. NO. 3:21-cv-697-RAH |
| | ) | (WO) |
| | ) | |
| TAURUS INTERNATIONAL | ) | |
| MANUFACTURING, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

On November 4, 2021, the Court in *Harman v. Taurus International Manufacturing Inc., et al.*, 3:21-cv-98-ECM, ordered the parties to show cause by November 18, 2021, as to why the case should not be consolidated with *Harman v. Taurus International Manufacturing, Inc., et al.*, 3:21-cv-697-RAH, for discovery

(and possibly, trial). (Doc. 35). The parties did not respond to the order to show cause.

On November 5, 2021, the Court in *Harman v. Taurus International Manufacturing, Inc., et al.*, 3:21-cv-697-RAH, ordered the parties to show cause on the same question. (Doc. 50). Compliance with that order was more exacting. The Plaintiff explained that she did not object to the two cases being consolidated for discovery purposes but noted that because her case was a class action, while the other case was a personal injury products liability suit, the two might be different enough to require separate trials. (Doc. 65). The Plaintiff asked that, at this early stage, the Court refrain from consolidating the two cases for trial. (*Id.*).

Because the Court's order in 3:21-cv-98-ECM was met with no response, the Court assumes it is without opposition. Upon review of the parties' positions, the complaints in these cases, and for good cause, the Court concludes that because these cases involve common questions of law and fact, judicial economy is best served by consolidating these actions.

FED. R. CIV. P. 42 permits a district court to consolidate cases "[i]f actions before the court involve a common question of law or fact." *Id*. "This rule is a codification of a trial court's inherent managerial power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Hendrix v. Raybestos-Manhattan, Inc*., 776 F.2d 1492, 1495 (11th

Cir. 1985) (internal quotation marks omitted). *See also Young v. City of Augusta*, 59 F.3d 1160, 1169 (11th Cir. 1995). In making the determination whether to consolidate these cases, the court considers

> whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factors and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense of all concerned of a single-trial, multiple-trial alternatives.

*Hendrix*, 776 F.2d at 1495 (quoting *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982)).

In their respective complaints, the Plaintiffs describe a common incident in which Chris Harman, plaintiff in 3:21-cv-98-ECM, was allegedly injured after firing a Taurus PT 738 on November 27, 2020. The Plaintiffs are married, and both bring claims against Taurus International Manufacturing, Inc., and Taurus Holdings, Inc. Both allege that the Defendants knew the pistol they designed and manufactured was defective, but did nothing to rectify that issue, leading to personal—or widespread—injury. The same two firms represent both Plaintiffs. The actions are based on many of the same facts. Much of the same discovery will be relevant to both cases. At this juncture, the parties will not be prejudiced by consolidation.

However, the Court agrees with the Plaintiff in 3:21-cv-697-RAH that prior to discovery, it cannot yet determine if a common trial between both cases is appropriate. The Court will defer that question until an answer is clearer.

Thus, the Court finds that judicial economy, efficiency, and convenience outweigh any risk of prejudice or confusion, and that consolidation is appropriate. Accordingly, it is

ORDERED as follows:

1. That *Harman v. Taurus International Manufacturing, Inc., et al.*, 3:21-cv-98-ECM and *Harman v. Taurus International Manufacturing, Inc., et al.*, 3:21-cv-697-RAH be and are hereby CONSOLIDATED for discovery proceedings.

2. That *Harman v. Taurus International Manufacturing, Inc., et al.*, 3:21-cv-98-ECM be and is hereby DESIGNATED as LEAD case.

3. The Clerk of the Court is DIRECTED to file a copy of this order in both cases referred herein.

4. That the Court defers the question of whether these two cases will be consolidated for trial until discovery clarifies their respective issues and postures.

DONE this 3rd day of December, 2021.

/s/ Emily C. Marks  
EMILY C. MARKS  
CHIEF UNITED STATES DISTRICT JUDGE